# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**CITIA WELLS,**
**individually and on behalf**
**of others similarly situated**                                                    **PLAINTIFF**

v.                          Case No. 4:16-cv-00527-KGB

**PALCO, INC.,** *et al.*                                                           **DEFENDANTS**

## ORDER

Plaintiff Citia Wells, individually and on behalf of others similarly situated, filed this action against Palco, Inc. ("Palco"), Alicia A. Paladino, and Larry A. Paladino alleging violations of the overtime requirements of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 201, *et seq*. Before the Court is Ms. Wells' unopposed motion to approve FLSA settlement and supporting memorandum (Dkt. No. 34). The parties now request that the Court approve the settlement. Attached to the motion as Exhibit 1 is a stipulation of settlement agreement and release ("Settlement Agreement") (Dkt. No. 34, Exhibit 1).

On August 3, 2017, the Court entered an Order granting the parties' joint motion for approval of stipulation on conditional class certification as to defendant Palco (Dkt. No. 22). In the Order, this Court directed Palco to provide to Ms. Wells the potential class members' contact information within 10 business days (*Id.*, at 1). This Court also granted Ms. Wells 60 days from the date of receipt of the potential class members' contact information to distribute the notice and file all consent forms (*Id.*). On September 19, 2017, Ms. Wells sent a notice of this civil action and consent forms to 78 persons who were deemed the collective class as certified by this Court's Order from August 3, 2017 (Dkt. No. 34, at 3). After the deadline for returning the consent forms, and with agreement from defendants regarding several who returned their consent forms after the

return deadline, there were 21 persons who timely returned their consent forms, creating a class of 22 members participating in this settlement ("Collective Class Members") (*Id.*).

Settlement agreements resolving FLSA claims are typically subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, Case No. 5:08-cv-1694, 2010 WL 776933 at *2 (N.D. Ohio Mar. 8, 2010) (citing 29 U.S.C. §216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *5; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

Ms. Wells asserts that, for FLSA settlement agreements, a district court should approve a fair and reasonable settlement if it was reached as an arm's length resolution of contested litigation to resolve a bona fide dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have examined such settlements. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353. After *Lynn's Food* was decided, other courts to examine this issue have divided the "fairness" determination into two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the

compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240-41 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co., Inc.*, Case No. 3:16-cv-70-TCB, 2017 WL 5639933, at *1 (N.D. Ga. August 23, 2017) (applying the *Dees* approach). This Court has previously applied the *Dees* approach when analyzing settlement agreements under FLSA. *See Younger v. Centers for Youth and Families, Inc.*, Case No. 4:16-cv-00170-KGB, 2017 WL 1652561 (E.D. Ark. April 27, 2017); *Cruthis v. Vision's*, Case No. 4:12-cv-00244-KGB, 2014 WL 4092325 (E.D. Ark. August 19, 2014).

Having reviewed the Settlement Agreement, the Court determines that the Settlement Agreement both provides Collective Class Members a reasonable recovery and furthers the implementation of the FLSA in the workplace. Therefore, the Court grants Ms. Wells' unopposed motion to approve FLSA settlement and supporting memorandum (Dkt. No. 34).

Ms. Wells attached a proposed settlement notice as Exhibit B to the Settlement Agreement filed for the Court's consideration (Dkt. No. 34, Exhibit B). The settlement notice fully and accurately informs Collective Class Members of all material elements of the litigation and the proposed Settlement Agreement. The settlement notice also advises Collective Class Members of their payment under the Settlement Agreement and that their claims will be dismissed with prejudice if they accept payment by negotiating either of the settlement checks provided to them (*Id.*, at 2). The settlement notice informs Collective Class Members that, if they do not wish to participate in the settlement, and want to pursue their claims on their own, they can do so by not negotiating any of their settlement checks (*Id.*).

The parties propose to disseminate the settlement notice to all Collective Class Members via first class mail to the last known addresses of all Collective Class Members along with their

respective payments via checks as set forth in the Settlement Agreement. The Court finds that the form and method of disseminating the notice and payment to Collective Class Members, as provided in the Settlement Agreement, is the best notice practicable under the circumstances and satisfies the requirements of applicable federal and state law.

As stated in the Settlement Agreement, within 45 calendar days after entry of this Order, counsel for Collective Class Members shall mail such notice and payments by first class mail to the last known addresses of each Collective Class Member (Dkt. No. 34, ¶ 5.1). Defendants shall provide payment to counsel for Collective Class Members prior to this date.

The action is dismissed with prejudice and without costs to any party, except to the extent otherwise expressly provided in the Settlement Agreement. The Court approves Collective Class Member counsel's application for an award of attorneys' fees and reimbursement of costs in the amounts set forth in the Settlement Agreement (Dkt. No. 34, at 11-15). Further, the Court approves of the enhancement award to Ms. Wells, the named plaintiff, as set forth in the proposed Settlement Agreement. The Court retains exclusive jurisdiction over the performance and enforcement of the Settlement Agreement and this Order.

It is so ordered, this the 6th day of June, 2018.

_____
Kristine G. Baker
United States District Judge